UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUANA FRANCISCA HERNANDEZ,

    Plaintiff,

v.                                       Case No. 06-CV-12457-DT

DEPARTMENT OF HOMELAND SECURITY
and UNITED STATES CITIZENSHIP
IMMIGRATION SERVICES,

    Defendants.
                                             /

**OPINION AND ORDER STRIKING PLAINTIFF'S AUGUST 31, 2006 SUR-REPLY
AND GRANTING DEFENDANTS' "MOTION TO DISMISS"**

Pending before the court is a "Motion to Dismiss," filed by Defendants Department of Homeland Security and United States Citizenship and Immigration Services on August 3, 2006. The matter has been fully briefed,[1] and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

Plaintiff Juana Francisca Hernandez is a native and citizen of El Salvador. (Compl. at 4.) She was admitted into the United States on or about January 11, 2001 on a nonimmigrant visa. (*Id.*; Defs.' Mot. Br. at 1.) On January 13, 2001 and February 13, 2001, El Salvador experienced severe earthquakes, leading to a declaration of the

---

[1]On August 31, 2006, Plaintiff filed a "Sur-reply to Defendants' Motion to Dismiss," although no such supplemental briefing is contemplated by the local rules. *See generally* E.D. Mich. LR 7.1. Because Plaintiff did not obtain leave of court prior to filing it, the court will strike the sur-reply.

United States Attorney General defining a period of "temporary protected status" ("TPS") for eligible Salvadorans who filed timely registration applications that are approved.  (Compl. at 4; Defs.' Mot. Br. at 1.)  Plaintiff applied for TPS status, but her application was denied as untimely.  (Compl. at 5; Defs.' Mot. Br. at 2.)[2]  Thereafter, Plaintiff was placed in removal proceedings pursuant to a charging document issued April 13, 2006.  (Defs.' Mot. Br. at 2.)  A hearing before the immigration judge is set for October 18, 2006.  (*Id.*)

Plaintiff filed this lawsuit on June 1, 2006, seeking judicial review of Defendants' denial of her application for TPS.  (Compl. at 2.)  According to Plaintiff, Defendants' denial was based on the erroneous conclusion that Plaintiff's application was late.  (*Id.*)  Plaintiff's complaint asserts that "[o]n both legal and equitable grounds, Plaintiff's TPS application must be approved," and she therefore asks the court to vacate Defendants' decision on the grounds that the denial was arbitrary and capricious.  (*Id.* at 9.)  Plaintiff asserts that the court has jurisdiction seeks judicial review of the denial pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, and the Immigration and Nationality Act, 8 U.S.C. § 1254.[3]  (*Id.* at 2.)

On August 3, 2006, Defendants filed the instant motion to dismiss, arguing that the court lacks subject matter jurisdiction over this proceeding and that Plaintiff's complaint should therefore be dismissed.

---

[2] The parties dispute whether Plaintiff's application was actually untimely, but this dispute is not relevant to the jurisdictional inquiry before the court.

[3] Contrary to Defendants' initial argument, a fair reading of Plaintiff's complaint does not reveal the assertion of a claim under the Federal Tort Claims Act.

## II.  DISCUSSION

Defendants first argue that because Plaintiff is in removal proceedings, she must pursue TPS in immigration court and the Board of Immigration Appeals ("BIA") before she may seek judicial review of any final removal order, and that the Sixth Circuit Court of Appeals will have exclusive jurisdiction over review of the final removal order.  (Defs.' Mot. Br. at 3.)  The court agrees.

There is no dispute that Plaintiff is currently in removal proceedings.[4]  Further, her defense to those proceedings will undoubtedly be, at least in part, that she is entitled to TPS.  If the immigration judge denies TPS and orders that Plaintiff be removed, Plaintiff may appeal that decision to the BIA.  8 C.F.R. § 244.11.  Pursuant to 8 U.S.C. § 1252, the Sixth Circuit Court of Appeals will have exclusive jurisdiction to review any appeal from the BIA.  See 8 U.S.C. § 1252(a)(5)[5] & (b)(9).[6]  The Sixth

---

[4]Under 8 C.F.R. § 244.18:

The filing of the charging document by the Service with the Immigration Court renders inapplicable any other administrative, adjudication or review of eligibility for Temporary Protected Status. The alien shall have the right to a de novo determination of his or her eligibility for Temporary Protected Status in the deportation or exclusion proceedings. Review by the Board of Immigration Appeals shall be the exclusive administrative appellate review procedure. If an appeal is already pending before the Administrative Appeals Unit, the director shall notify the Administrative Appeals Unit of the filing of the charging document, in which case the pending appeal shall be dismissed and the record of proceeding returned to the jurisdiction where the charging document was filed.

8 C.F.R. § 244.18(b).   Plaintiff argues that this regulation contains no comma between "administrative" and "adjudication."  It does. (See Pl.'s Resp. Br. at 3.)

[5]Title 8 U.S.C. § 1252(a)(5) provides, in pertinent part, that:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision,

Circuit, in turn, may review any appeal from the BIA only if Plaintiff first exhausts all of her administrative remedies.  8 U.S.C. § 1252(d)(1) (stating that review is available only if "the alien has exhausted all administrative remedies available to the alien as of right").  As Defendants accurately cite, the Sixth Circuit has held that:

> The purpose of Section 1252(d)(1)'s exhaustion requirement is (1) to "ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims," *Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir. 2004); (2) to "avoid premature interference with the agency's processes," *Sun v. Ashcroft,* 370 F.3d 932, 940 (9th Cir. 2004); and (3) to "allow the BIA to compile a record which is adequate for judicial review." *Dokic [v. INS],* 899 F.2d [554,] . . . 532 [6th Cir. 1990].

*Ramani v. Ashcroft,* 378 F.3d 554, 559 (6th Cir. 2004).

In light of this clearly delineated statutory authority, the court agrees with Defendants that "[b]ecause 8 U.S.C. § 1252(b)(9) provides the exclusive means of judicial review of [P]laintiff's TPS application, currently under the jurisdiction of the immigration court in Detroit, this [c]ourt lacks jurisdiction to review the agency's

---

and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

[6]Title 8 U.S.C. § 1252(b)(9) provides that:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

4

preliminary denial of the TPS application." (Defs.' Mot. Br. at 5 (citing *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000); *McBrearty v. Perryman,* 212 F.3d 985, 987 (7th Cir. 2000); *Howell v. I.N.S.,* 72 F.3d 288, 292-93 (2nd Cir. 1995); *Massignani v. I.N.S.,* 438 F.2d 1276, 1278 (7th Cir. 1971).)[7]  Accordingly, the court will grant Defendants' motion because the court lacks jurisdiction to review the denial of Plaintiff's TPS application under 8 U.S.C. § 1252.

The court agrees also with Defendants' additional argument that "the court lacks jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because there is no final agency decision and an adequate remedy exists by means of appeal to the BIA and Court of Appeals.  The Sixth Circuit has held that "[t]o state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court."[8]  *Bangura v. Hansen,* 434 F.3d 487, 500 (6th Cir. 2006) (citing 5 U.S.C. § 704; *Gillis v. U.S. Dep't of Health and Human Servs.,* 759 F.2d 565, 575 (6th Cir.1985)).  Further, "[a]n action is final where it:

---

[7]In *McBrearty,* the Seventh Circuit found that "[t]he suit was premature, since, as the plaintiffs acknowledge, they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them."  *McBrearty*, 212 F.3d 985, 987.  Similarly, in *Howell,* the Second Circuit found that, because deportation proceedings had commenced, the plaintiff had the opportunity "to renew her application for adjustment of status before an immigration judge" and the district court therefore lacked jurisdiction to review the preliminary denial.  *Howell,* 72 F.3d at 292-93.  Finally, in *Massignani,* the Seventh Circuit held that "judicial review of this cause should await the conclusion of the deportation proceedings, wherein plaintiff may renew her application for permanent status, and after which there will be a complete and adequate record for this court to review."  *Massignani,* 438 F.2d at 1278.

[8]The court rejects Plaintiff's argument that the TPS denial was final purely because it stated on the "Notice of Intent to Deny" that it was a final decision.  Rather, the court will look to the totality of the facts and specifically to the relevant statute and administrative rules, discussed above, in determining whether a decision is "final."

(1) marks the 'consummation of the agency's decision-making process;' and (2) determines rights and obligations or occasions legal consequences. *Id.* at 500-501 (citing *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997); *Air Brake Sys., Inc. v. Mineta,* 357 F.3d 632, 639 (6th Cir. 2004)). As discussed above, because removal proceedings have been instituted against Plaintiff, she has the opportunity to reargue the merits of her TPS application. Indeed, the immigration judge has yet to issue a ruling on Plaintiff's removal, and that ruling has yet to be appealed to the BIA. Thus, Plaintiff has not alleged an injury stemming from "a final agency action for which there is no other adequate remedy in court." *Id.* at 500.

Plaintiff cites *Pinho v. Gonzales*, 432 F.3d 193, 200-04 (3rd Cir. 2005) for the proposition that she can challenge the denial of an adjustment of status "even if [the] agency might put Plaintiff in removal proceedings." (Pl.'s Resp. Br. at 5.) Plaintiff's reliance on *Pinho*, however, is misplaced. In *Pinho* there was only the *possibility* that removal proceedings *may at some point* be initiated. In this case, removal proceedings have in fact been initiated, which provides an additional administrative mechanism by which Plaintiff may challenge her TPS denial. *Contra Pinho,* 432 F.3d at 200-201 (finding that the "possibility" that removal proceedings may at some later point be initiated to be insufficient to render the agency's decision's not final). Indeed, the *Pinho* court stated "*if the agency does not seek to deport the immigrant*, there can never be an appeal within the agency by which any higher level of administrative authority can be invoked to review the legal determination made by the AAO." *Id.* at 201 (emphasis added). The court, however, acknowledged that "[b]ecause applications for adjustment of status can be renewed, and are often made in the first instance, during deportation

6

proceedings, *those proceedings will in some cases address the issues considered by the AAO.*" *Id.* (emphasis added) (citing *Herrera-Inirio v. INS,* 208 F.3d 299, 303 (1st Cir. 2000); *Howell,* 72 F.3d at 293)).  Such is the case here.  Because Plaintiff can raise her issues before the immigration judge and then before the BIA, she has not alleged a "final agency action for which there is no other adequate remedy in court." *Bangura,* 434 F.3d at 500.  Indeed, the denial of Plaintiff's TPS is not final and, additionally, she has an adequate remedy in the comprehensive review scheme detailed above.  Defendants' motion will accordingly be granted.[9]

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Sur-reply to Defendants' Motion to Dismiss" [Dkt. # 10] is hereby STRICKEN from the docket of this court.

IT IS FURTHER ORDERED that Defendants' "Motion to Dismiss" [Dkt. # 7] is GRANTED.

 S/Robert H. Cleland
 ROBERT H. CLELAND
 UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
 Case Manager and Deputy Clerk
 (313) 234-5522

---

[9]Because the court has accepted Defendants' first two theories of relief, it need not reach Defendants' alternative theory that the court lacks jurisdiction because the agency's denial of Plaintiff's TPS application was discretionary.  (Defs.' Mot. Br. at 8.)

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12457.HERNANDEZ.Dismiss.2.wpd